## George Gerold et al. v. Annie Guttle.

1. LIENS—*On Property Stored with Warehousemen.*—A warehouseman has a first lien for his charges upon property stored with him, and his lien is in nowise affected by an attempted sale of the property by such warehouseman to himself, which is not valid and does not pass an absolute title to him.

2. INSTRUCTIONS—*Refusing Defendant the Right to Recoup.*—The court commits error in refusing to instruct the jury that if they believe from the evidence that the balance for storage due was more than the value of the goods at the time of the sale, then they should find for the defendant, as it is in effect refusing the defendant the right to recoup in the action the balance due him as storage.

Trover.—Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge presiding. Heard in this court at the August term, 1902. Reversed and remanded. Opinion filed March 2, 1903.

ALEXANDER FLANNIGEN, attorney for appellants.

FRANK B. HANNA, attorney for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

Appellee sued appellants before a justice of the peace of St. Clair county, and the venue was changed to another justice of the same county, where a trial was had resulting in a judgment against appellants for $118 and costs. From this judgment appellants appealed to the City Court of East St. Louis, where a trial was had before the court and a jury, which resulted in a verdict in favor of appellee for $200; and after overruling a motion by appellants for a new trial, the court rendered judgment on the verdict, and the defendants below have brought the case on appeal to this court for review.

The facts of the case are, appellants were engaged in the moving and storage business, and had a private warehouse in the city of East St. Louis. On the 4th of February, 1899, appellee deposited with appellants, for storage in their warehouse, a lot of household furniture, which remained in their custody for nearly three years, during which time appellee paid to appellants a part of the storage charges.

Appellee also borrowed of appellants several small sums of money on the goods, and repaid a part of it, but how much she borrowed or how much she repaid is left uncertain by the evidence, in the way it was given, by the parties themselves, they being the only witnesses in the case. One of the appellants testified that the storage bill and money advanced amounted to $122.25, and that appellee had paid of it $53.50, leaving unpaid $68.75, and this is not controverted by appellee.

At the time the goods were taken in storage, appellee resided in East St. Louis, and soon after that went to the city of St. Louis, Missouri, to reside, and remained there for a time, left uncertain by the evidence, and then removed to McAllester, in Indian Territory, and remained there an indefinite length of time, so far as we are able to glean the facts from the evidence.

After about three years from the time the goods were placed in storage, appellee returned to St. Louis, Missouri, and engaged a wagon, as she says, to go to East St. Louis to pay the storage charges and reclaim her goods; but before she started she was informed that appellants had sold her goods, and she at once brought suit to recover the value of them. The fact as claimed by appellants was that appellants did not know where appellee resided after she left St. Louis, Missouri, and the unpaid storage charges on the goods being more than their value, they attempted to advertise and sell the property under section 3 of chapter 141 of Hurd's Revised Statutes of 1899, which is as follows:

" All persons other than common carriers, having a lien on personal property by virtue of an act entitled, ' An act to revise the law of liens,' approved March 25, 1874, may enforce said lien by a sale of said property, on giving to the owner thereof, if he and his residence be known to the person having such lien, ten (10) days' notice, in writing, of the time and place of such sale; and if said owner, or his place of residence, be unknown to the person having such lien, then upon his filing his affidavit to that effect with the clerk of the County Court, in the county where said property is situated, notice of said sale may be given by publishing the same once in each week for three (3) successive weeks in some newspaper of general circulation published in said county, and out of the proceeds of said sale, all costs and charges for advertising and making the same, and the amount of said lien, shall be paid, and the surplus, if any, shall be paid to the owner of said property."

Appellants caused a notice to be published as required by law, in a newspaper published in East St. Louis, that the property of appellee would be sold at public auction to the highest bidder, for cash, on the 3d day of December, 1901, at their warehouse at Eleventh and Walnut streets, in East St. Louis, unless the storage and other charges were paid before the date of sale. No other notice of the sale was given to appellee, and no affidavit by appellants or either of them, that the residence or whereabouts of appellee was unknown to them or either of them, was filed with the county clerk of St. Clair county, as required by law

A formal sale of the property was made by appellants on the day fixed in the notice, and appellants became the purchasers of it for an aggregate sum of between fifty and sixty dollars, which was less than the unpaid charges upon it.

What, if anything, was done by appellants with the property after the sale, is not shown by the evidence. From anything that appears in the record, appellants may still have the property in storage, ready to be delivered to appellee on demand and payment of the charges against it.

These charges were a first lien upon the property, and though the attempted sale of it by appellants to themselves may not be valid, and so does not pass an absolute title to them, still their lien for storage charges is in nowise affected by the sale.

But we do not understand appellants' counsel as contending that the formal sale of the property by appellants to themselves can be upheld as a valid sale, unless appellee has done some act that amounts to a ratification of the sale; therefore, further comment upon whether the notice of the sale was void because no proper affidavit of appellants that appellee's residence was unknown to them, was filed with the clerk of the County Court of Madison County, as required by law, or whether the attempted sale was absolutely void because appellees could not be purchasers at a sale made by themselves becomes unnecessary, and we express no opinion on either question.

The main contention of appellants' counsel, if we understand him, is, or ought to be, that appellants came lawfully into possession of appellee's goods, and had a lien on them for their storage, and that appellee has never offered to pay the charges she concedes to be due, and has never made any demand for the goods, nor, so far as is shown by this record, have appellants sold and converted the goods into money, or money's worth, nor destroyed them, or converted them to their own use, unless the attempted sale to themselves was a conversion, which matter has not been discussed by counsel on either side, hence we express no opinion concerning it.

Complaint is made that the court erred in giving to the jury appellee's second instruction, viz.:

" 2.    The court instructs the jury that if you believe from the evidence that the plaintiff, Annie Guttle, was the owner of the goods in question, and she left the same with the defendants, Gerold & Co., for storage, and that afterward Gerold & Co. sold said goods, the plaintiff would have a right to recover the value of said goods from Gerold & Co., even if, before said sale, Gerold & Co. published a notice in a newspaper that said goods would be sold."

The court erred in giving the instruction, if for no other reason, because it entirely ignored appellants' claim for storage, and there was no other instruction given in the case that cured the error.

The court refused to give to the jury appellants' second instruction, viz.:

" The court instructs the jury that if you believe from the evidence that the balance for storage due was more than the value of the goods at the time of the sale, then the jury should find for the defendant."

Even if it should be conceded that the attempted sale of the goods by appellants to themselves amounted to a conversion of property (which we have carefully avoided holding), the refusal of the court to give the instruction was error, for which the judgment should be reversed.

The law governing the points in the case passed upon is so familiar that it seems a waste of time to cite authorities to support our conclusions.

For the errors indicated, the judgment is reversed and the cause remanded.